IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH J. NEILSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA<br><br>Case No. 2:09-CR-286 TS |

This matter is before the Court on Defendant's Motion to Withdraw Plea of Guilty and Continue Sentencing Hearing.[1] On November 21, 2011, the above-entitled matter was referred to Magistrate Judge Robert T. Braithwaite pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge issued his Report and Recommendations on November 21, 2011.[2] After consideration of

---

[1]Docket No. 108.

[2]Docket No. 121.

the parties' submissions and the arguments made in oral argument, the Court will adopt the Magistrate Judge's Report and Recommendations and deny Defendant's Motion.

## I. STANDARD OF REVIEW

A.   REPORT AND RECOMMENDATION

Twenty-eight U.S.C. § 636 provides for the temporary assignment of jurisdiction and powers to magistrate judges. On "[a] dispositive pretrial motion . . . [s]uch a reference empowers the magistrate to hold an evidentiary hearing, if required. The magistrate does not rule directly on such a motion, but rather must file a report containing findings of fact and recommendations for the assistance of the district judge who makes the ruling."[3] Section 636(b)(1) further provides that "any party may serve and file written objections to such proposed findings" and "the district court 'shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[4]

B.   MOTION TO WITHDRAW

Federal Rule of Criminal Procedure 11(d)(2)(B) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal. The Tenth Circuit has made clear that "[t]he defendant bears the burden of establishing a 'fair and just reason.'"[5]

---

[3] *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985).

[4] *Kartiganer v. Juab County*, 2011 WL 4916601, at *1 (D. Utah October 17, 2011) (quoting 28 U.S.C. § 636(b)(1)).

[5] *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (quoting *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000)).

The Court determines whether a defendant can show "a fair and just reason" by reviewing the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.[6]

## II. DISCUSSION

As referenced above, the Magistrate Judge submitted a thorough Report and Recommendation in this matter. Upon consideration of the evidence and application of the seven factors above, the Magistrate Judge found that Defendant "failed to establish any fair and just reason for withdrawal of his guilty plea."[7] The Magistrate Judge therefore recommends that Defendant's Motion to Withdraw Guilty Plea be denied.

Defendant has filed with this Court his Objections to the Magistrate's Report and Recommendations Concerning the Defendant's Motion to Withdraw his Guilty Plea.[8] The Defendant objects to various of the Magistrate Judge's findings of fact and conclusions of law. Pursuant to 28 U.S.C. § 636(b)(1), the Court will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The Court will address each of the Defendant's objections individually.

---

[6]*See United States v. Gordon*, 4 F.3d 1567 (10th Cir. 1993).

[7]Docket No. 121, at 12.

[8]Docket No. 125.

3

A.  FINDINGS OF FACT

  1.  DELAY

Defendant first objects to the Magistrate Judge's statement that "the [D]efendant has consistently and repetitively sought to delay the proceedings in this case."[9] Defendant objects to this characterization of the delays in this case, arguing that any delay is a result of the complicated nature of the case. Defendant also asserts that this statement is unsupported because the Magistrate Judge did not hold a hearing in this case.

The Court begins by noting that this is a complicated case. As Defendant indicates, at least part of the delay in this case was necessitated by the need to review extensive and complicated tax documentation. However, the Court agrees with the Magistrate Judge that Defendant has consistently and repetitively sought to delay the proceedings in this case.

In particular, the Court would note that the trial in this case has been continued on seven occasions. Mere continuances do not manifest intent to delay proceedings, however, Defendant's intent to delay is manifested through the various pro se writings submitted by Defendant to the Court throughout this proceeding. Through his writings, Defendant attempts to engage the Court in the same antics that embroiled him in the current controversy.[10]

---

[9]Docket No. 121, at 12.

[10]Defendant asserts in his writings that the United State's Government is a corporate entity, that his persona is a constructive trust entity, and that this Court has come forward and made itself the trustee in fact of his persona trust. Through his writings, the Defendant also continues to assert that the United States Government has no jurisdiction over this action. *See* Docket No. 65 ("Know all men by these present that I, kenneth-james of the house (family) of nielson, a natural-born man of substance upon the dry soil of the organic Utah republic, have no memory of cognizantly accepting any legal duty or obligation in relation to the corporation

4

Lastly, Defendant also asserts that any delay in the case resulted from a breakdown in communication between counsel and Defendant. The only evidence of a communication breakdown before the Court is a failure by the Defendant to respond to emails and phone calls from counsel during the early months of 2011.[11] The Court is not persuaded that Defendant's failure to respond to counsel's calls and emails during the early part of 2011 demonstrates that Defendant has not sought to delay the proceedings in this case.

For the foregoing reasons, the Court is persuaded that Defendant has consistently and repetitively sought to delay the proceedings in this case.

2.     PROCEDURAL HISTORY

Defendant next objects to the Magistrate Judge's articulation of the procedural history of this case in paragraph two of the Report.

Paragraph two states "[a]fter three continuances of the initial appearance and arraignment due to his inability or unwillingness to secure counsel, on July 20, 2009, the Court entered a not guilty plea on behalf of the [D]efendant over his objection and his request for yet another continuance."[12] Defendant objects on the ground that the case docket demonstrates that the initial appearance in this case was only continued once, not three times. Defendant also asserts that "[t]he fact that the Defendant, within a period of 30 days was unable to procure private

---

entities styled as 'UNITED STATES,' 'UNITED STATES OF AMERICA,' 'DEPARTMENT OF TREASURY,' and 'Internal Revenue Service' . . . ."); *see also* Docket Nos. 52 & 69.

[11] *See* Docket No. 125 Ex. 1.

[12] Docket No. 121, at 1.

5

counsel on a multi count federal tax evasion case, is not per se evidence of an unwillingness to secure counsel."[13]

Here, Defendant's objection appears to be based on a misinterpretation of the Magistrate Judge's statement. It is clear from the docket that the initial appearance was continued on one occasion and the arraignment on two occasions, for a total of three continuances. This is exactly what the Magistrate Judge stated.

Next, the Magistrate Judge indicated that the arraignment was continued due to Defendant's "inability or unwillingness to secure counsel."[14] Defendant argues that there is no evidence that he was unwilling to obtain counsel. In the instant action, the Defendant initially elected to obtain his own counsel. Then, after multiple continuances, ultimately failed to obtain counsel. Such a failure resulted from either an inability or unwillingness on the part of Defendant to obtain counsel. Therefore, the Magistrate Judge's statement that the failure to obtain counsel resulted from either an inability or unwillingness is an accurate inference based on the procedural history of this case.

3. SEVEN-MONTH DELAY

Defendant objects to the Magistrate Judge's statement that Defendant only filed the current motion to withdraw "nearly seven months after pleading guilty and only after receiving the draft Presentence Report ('PSR') and realizing that a stiff sentence was being

---

[13] Docket No. 125, at 4-5 (emphasis in original).

[14] Docket No. 121, at 1.

6

contemplated."[15] Defendant objects to this statement on the basis that the date of sentencing was set by the Court.

Once more, the Defendant misconstrues the Magistrate Judge's statement. The Magistrate Judge does not state that Defendant caused the sentencing to be set for seven months past the change of plea. The Magistrate Judge merely notes the fact that Defendant made not attempt to withdraw his plea during the seven months following the change of plea and only sought to do so once he received his PSR and realized a stiff sentence was contemplated. Defendant's argument that he does not control the administrative calendar of the Court is irrelevant to this Motion.[16]

    4.    AFFIDAVIT

Lastly, Defendant objects to the Magistrate Judge's finding that Defendant's affidavit in support of his Motion to Withdraw is only one page. Defendant asserts that the affidavit is two pages. The Court notes that, while inconsequential to the proper resolution of this matter, the actual affidavit of Defendant appearing on its docket is only one page. The affidavit contains a second page, however that page is merely a certificate of service, with signature of counsel.

B.    CONCLUSIONS OF LAW

The Defendant agrees that the Magistrate Judge applied the correct standard of review in his Report and Recommendation. The factors to be applied on a motion to withdraw a plea of

---

[15]*Id*. at 2.

[16]Defendant's seven-month delay in filing his Motion to Withdraw is relevant as applied to the *Gordon* factors, which the Court will discuss in more detail below.

guilt are those set out above and provided by the Tenth Circuit in *United States v. Gordon*.[17]
However, the Defendant objects to the Magistrate Judge's conclusions of law as to each of the factors. The Court will address Defendant's objections as to each factor.

    1.    ASSERTION OF INNOCENCE

The Magistrate Judge recommends that Defendant's assertion of innocence lacks sufficient weight to justify the withdrawal of his guilty plea. The Defendant objects to this recommendation arguing that (1) the Magistrate Judge failed to apply Tenth Circuit precedent; (2) Defendant was coerced into accepting the plea of guilt; and (3) Defendant's conduct giving rise to the instant action was the result of mistakes or misunderstandings.

    a.    STANDARD

Defendant first takes issue with the Magistrate Judge's reliance on the case of *United States v. Barker*[18] to establish the burden for assertion of innocence. In that case, the court held that "withdrawal is not automatically granted simply because the defendant now decides he would rather go to trial."[19] The court further instructed that, "in addressing a withdrawal motion," a court "must consider not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of original

---

[17]4 F.3d 1567.

[18]514 F.2d 208 (D.C. Cir. 1975).

[19]*Id*. at 226 n.17.

8

pleading."[20] Defendant argues that the case of *United States v. Cervantes*,[21] "is the actual law for assertion of innocence in the Tenth Circuit."[22]

Defendant's argument on the applicable rule of law is irrelevant, as the court in *Cervantes* relied on the reasoning of *Barker* to reach its holding.[23] Furthermore, the Tenth Circuit in subsequent cases has cited approvingly to the same language from *Barker*.[24] Therefore, upon review of the relevant case law, this Court finds that the Magistrate Judge applied the proper standard for assertion of innocence.

    b.    COERCION

Defendant next argues that he meets the assertion of innocence standard because he was coerced to take the plea. Defendant asserts that he only plead guilty to the offenses charged because he was under the coercion of a threat that he would be detained.

Shortly before Defendant entered his plea of guilty, the Government filed a Motion to Modify Conditions of Release.[25] The Government filed the Motion in reaction to Defendant's

---

[20]*Id*. at 221.

[21]115 F. App'x. 1 (10th Cir. 2004) (unpublished).

[22]Docket No. 125, at 6.

[23]*See Cervantes*, 115 F. App'x. at *8-9. The Court further notes that Defendant's argument that *Cervantes* is binding precedent is incorrect as *Cervantes* is an unpublished opinion. Under 10th Cir. R. 32.1, "[u]npublished opinions are not precedential but may be cited for their persuasive value."

[24]*See Hamilton*, 510 F.3d at 1214-15 n.2 ("[T]he mere assertion of a legal defense is insufficient[,] the defendant must present a credible claim of legal innocence.").

[25]Docket No. 91.

9

failure to appear at a final pre-trial conference and amid allegations that Defendant would not appear at his then scheduled trial. The Defendant now alleges that the filing of the Government's Motion to Modify Conditions of Release resulted in his being coerced to enter his plea.

Defendant's position is untenable. There is no evidence of coercion on the record and Defendant cannot state a legal claim of coercion.[26] Furthermore, to the extent Defendant felt coerced such was the result of Defendant's own actions. The Government's filing of its Motion to Modify Conditions of Release was prompted by Defendant's failure to appear and the possibility of Defendant's continued absence from the proceedings. For these reasons, the Court finds that Defendant cannot state a legally cognizable claim of coercion.

    c.    MISTAKE AND MISUNDERSTANDING

Lastly, Defendant objects to the Magistrate Judge's conclusion that Defendant's acts could not be committed by mistake or misunderstanding.[27] In reaching this conclusion, the Magistrate Judge reasoned that most of the acts admitted by the Defendant required such a high degree of planning and forethought, and employed such sophisticated and elaborate means of implementation, that to characterize them as mistakes is illogical. This Court agrees with the reasoning of the Magistrate Judge.[28]

---

[26] *See United States v. Merchant*, 992 F.2d 1091, 1096 (10th Cir. 1993) (holding that a coercion or duress defense "requires the establishment of three elements: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm") (internal citation and quotation marks omitted).

[27] *See* Docket No. 121, at 4; Docket No. 125, at 8.

[28] The Court would further note that this reasoning is well supported by the facts admitted too by the Defendant in his Statement in Advance of Plea.

Defendant also cites to *Cheek v. United States*,[29] where the Supreme Court held that "the Government must prove the voluntary and intentional violation of a known legal duty, a burden that could not be proved by showing mistake, ignorance, or negligence."[30] Based on this language, Defendant implies that he has presented a credible claim of legal innocence. Defendant reads the holding of *Cheek* too broadly. The court in *Cheek* recognized that a "defendant who knows what the law is and who disagrees with it . . . does not have a bona fide misunderstanding defense."[31] The court cited language from the petitioner in that case indicating that "[w]e are in no way suggesting that Cheek or anyone else is immune from criminal prosecution if he knows what the law is, but believes it should be otherwise, and therefore violates it."[32]

Here, Defendant's conduct—as admitted by Defendant in his Statement in Advance of Plea and during the Plea colloquy with this Court—manifests a degree of planning and preparation that demonstrates voluntary and knowing action. These statements, in combination with Defendant's pro se filings, demonstrate that Defendant cannot prove any claim of legal innocence based on mistake or ignorance.

---

[29]498 U.S. 192 (1991).

[30]*Id*. at 196.

[31]*Id.* at 202 n.8.

[32]*Id*.

11

d.  CONCLUSION

In sum, the Court agrees with the Magistrate Judge's recommendation that the "[D]efendant's assertion of innocence lacks sufficient weight to justify the withdrawal of his guilty plea."[33]

2.  PREJUDICE, INCONVENIENCE, AND WASTE

Defendant objects to the Magistrate Judge's finding that the Government would be prejudiced, the Court inconvenienced, and judicial resources wasted if Defendant were allowed to withdraw his plea. Defendant's objection is grounded on the differences between this case and *United States v. Hernandez*,[34] cited by the Magistrate Judge. Defendant argues that *Hernandez* is not on point because that case involved nine counts and at least five co-defendants. The instant action contains only two counts and a single defendant.

Defendant's arguments on this point are not supported by his previous assertion that the "the very nature of th[is] case itself is complex."[35] In his previous argument, Defendant notes that Count One of the Indictment in this case is seventeen paragraphs long and Count Two alleges twelve to thirteen different acts.

The Court recognizes that this case involves only one defendant. However, the Court finds that the case is sufficiently complicated such that if the Government and the Court are

---

[33] Docket No. 121, at 6.

[34] 277 F. App'x. 775, 777 (10th Cir. 2008) (unpublished).

[35] Docket No. 125, at 3.

required to take this case to trial at this late date it will result in prejudice to the Government, inconvenience to the Court, and a waste of judicial resources.

3. DELAY

The Defendant objects to the Magistrate Judge's finding that "[D]efendant failed to give substantial reason for a delay of nearly seven months in filing his Motion to Withdraw."[36] On this point, Defendant once more argues that the sentencing date and the date for the release of the PSR were not created by the Defendant. As stated previously, the administrative dates set for the Court's convenience are not at issue. At issue is Defendant's failure to file his Motion to Withdraw until seven months after the change of plea hearing.

The only other argument made by Defendant on this issue relates to the alleged breakdown in communications between Defendant and his counsel. Defendant's arguments on this point are not supported by the record before the Court. The only evidence presented to the Court with regards to a breakdown in communication is found in the affidavit of Brooke Karrington. Ms. Karrington makes no mention of any communication issues that transpired after Defendant entered his Plea of Guilty. In fact, Ms. Karrington's affidavit only pertains to events that occurred before the change of plea hearing.

Therefore, the Court agrees with the Magistrate Judge that Defendant has failed to give substantial reason for a delay of nearly seven months in filing his Motion to Withdraw.

---

[36]Docket No. 121, at 7.

4. ASSISTANCE OF COUNSEL

On this factor, the Magistrate Judge found that "[t]he record shows that the [D]efendant enjoyed the able assistance of not only one, but three highly qualified defense lawyers."[37] The Magistrate Judge also found that "Mr. Cramer's suggestion . . . that he and the [D]efendant have had disputes and that Mr. Neilson may not have always enjoyed close assistance of counsel falls short of establishing a fair and just reason for withdrawal of the plea."[38]

Defendant objects to both of these findings. Defendant argues that he only had two attorneys and that one of the attorneys acted only in a limited capacity as Salt Lake based co-counsel. Defendant also refers to the affidavit of Ms. Karrington to demonstrate "the nature and depth of the disagreement and their effects upon counsel."[39] Defendant does not cite to any specific section of Ms. Karrington's affidavit.

No part of Ms. Karrington's affidavit supports Defendant's claim of ineffective assistance of counsel. Ms. Karrington attests that Defendant "had a general mistrust of the government, including anyone who was paid by the government, and that would include Mr. Cramer and me."[40] She also attests that for some time Defendant was not returning Mr. Cramer's phone calls and that the Defendant indicated that he wanted new counsel. Ms. Karrington also attests that both she and counsel instructed Defendant that he could petition the Court for new counsel.

---

[37] *Id.*

[38] *Id.*

[39] Docket No. 125, at 11.

[40] *Id.* Ex. B, at 1.

14

Lastly, Ms. Karrington attests that on the day the Defendant plead guilty he indicated that "he was resigned to the fact that this plea agreement was his only choice, but that he really did not want to accept it."[41] Ms. Karrington attests that Defendant continued to assert his innocence.

The Court notes that whether the Defendant was provided two or three attorneys has no bearing on this factor and is irrelevant. Furthermore, Defendant's failure to respond to counsel's communications does not demonstrate a failure on the part of counsel. Nor does Defendant's general mistrust of the government support an argument that counsel somehow did not provide quality assistance. Moreover, Defendant's alleged assertion of innocence to Ms. Karrington is contradicted by the record of the exchange between the Defendant and this Court during the plea colloquy.

For all of these reasons, the Court will adopt the reasoning of the Magistrate Judge on this point and finds that Defendant was provided effective assistance of counsel.

5. VOLUNTARINESS

The Defendant objects to the Magistrate Judge's finding that the plea was knowingly and voluntarily entered. Defendant objects on the grounds that he had ineffective assistance of counsel and was coerced into entering his plea. As previously noted, Defendant was provided effective assistance of counsel and the record does not support his assertion of coercion. The Court agrees with the Magistrate Judge's conclusion that the plea was knowingly and voluntarily entered by Defendant.

---

[41] *Id*. Ex. B, at 2.

## III. CONCLUSION

In sum, the Court finds that Defendant's objections are either irrelevant or unsupported by the record in this case. The Court will therefore adopt the Report and Recommendations of the Magistrate Judge. It is therefore

ORDERED that Defendant's Motion to Withdraw Plea of Guilty and Continue Sentencing Hearing (Docket No. 108) is DENIED. The Court will proceed to sentencing on February 6, 2012, at 2:00 p.m.

DATED   January 6, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge